# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANTONIO T. MARTIN,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:23cv341-RH-MAF**

**STATE OF FLORIDA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated on August 7, 2023, with the filing of a "notice of removal" by Antonio Martin. ECF No. 1. Mr. Martin seeks to remove this case based on a contention that he has been denied "a fair and reliable adversary hearing" in state court. *Id.* at 2. In particular, Mr. Martin asserts that the state court judge, the assistant prosecutor, and his appointed public defender have conspired and refuse "to preserve and disclose" certain evidence, apparently in an effort to prevent him from demonstrating that a Deputy "completely fabricated" all charges brought against him. *Id.* at 1. It appears that Mr. Martin is charged with four felony charges and one misdemeanor charge. *Id.* at 5.

An Order was entered on August 10th, noting that Mr. Martin was attempting to remove this case under the authority of 28 U.S.C. § 1455 which permits the removal of "any criminal prosecution from a State court" to a federal district court. 28 U.S.C. § 1455(a) (quoted in ECF No. 3). However, Mr. Martin was informed[1] of several deficiencies and given time to correct them. *Id.*

First, he was informed that to proceed, he must either pay the filing fee for this case or submit an in forma pauperis motion. *Id.* Mr. Martin has now filed an in forma pauperis motion. ECF No. 5. He has demonstrated that he has maintained a zero account balance since January 1, 2023, and has had no deposits in his account. His in forma pauperis motion should be granted pursuant to 28 U.S.C. § 1915. Further, he is not required to pay an initial partial filing fee because no funds have been deposited in his account during the past six months. 28 U.S.C. § 1915(b)(1). A separate Order will be entered concerning in forma pauperis status.

Second, Mr. Martin was required to comply with the provisions of § 1455. ECF No. 3. The statute provides that a notice of removal must

---

[1] He was also advised that the filing of a notice of removal of a criminal prosecution does "not prevent the State court in which such prosecution is pending from proceeding further . . . ." 28 U.S.C. § 1455(b)(3).

Case No. 4:23cv341-RH-MAF

contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). Mr. Martin did not provide a "copy of all process, pleadings, and orders" from the case he seeks to remove. In response, Mr. Martin filed a motion to show cause. ECF No. 4. He contends that he "does not have any access to all the pleadings, process and orders," and he indicates that his case file was sent to him at the jail by his prior attorney on a USB, but jail staff will not give him access to the USB device. ECF No. 4 at 2. There is no indication when his former attorney sent him the case file to know if it would include "all process, pleadings, and orders."

At any rate, Mr. Martin was also informed that one reason for § 1455(a)'s requirement is that the Court is able to determine the timeliness of a notice of removal. The statute provides: "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Mr. Martin has

acknowledged that his notice was not timely filed, again contending that his "failure to timely file the notice of removal [is attributable] to the jail." ECF No. 4 at 2. No explanation beyond that conclusory assertion was made. Importantly, Mr. Martin has not shown good cause for the delay such that this case should proceed; thus, dismissal is appropriate. *See* Morin v. State, No. 4:22cv242-AW-MAF, 2022 WL 5241764, at *3 (N.D. Fla. Aug. 31, 2022), report and recommendation adopted, No. 4:22-CV-242-AW-MAF, 2022 WL 5241763 (N.D. Fla. Sept. 16, 2022), appeal dismissed sub nom. Morin v. Fla., No. 22-13272-J, 2022 WL 18110025 (11th Cir. Dec. 30, 2022).

One attachment to the notice of removal reveals that Mr. Martin was arrested on September 9, 2021. ECF No. 1 at 7. Considering that date is nearly two years ago, it is obvious that the notice of removal was not timely filed. Mr. Martin concedes as much. Having reviewed the documents submitted by Mr. Martin, the "Court does not find any good cause from the face of the Notice of Removal." Fla. v. Daniels, No. 23-CV-80527-RAR, 2023 WL 2854440, at *2 (S.D. Fla. Apr. 10, 2023). Accordingly, it is recommended that this case be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **REMANDED** to the Second Judicial Circuit Court in and for Leon County, Florida, that any pending motions be **DENIED**, and the Clerk of Court be required to close the file.

**IN CHAMBERS** at Tallahassee, Florida, on September 29, 2023.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv341-RH-MAF