IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STATE OF FLORIDA

v.   CASE NO. 4:23cv341-RH-MAF

ANTONIO T. MARTIN,

      Defendant.

_____/

## ORDER OF REMAND

The defendant Antonio T. Martin removed this state-court criminal case to this court. The case is before the court on the magistrate judge's report and recommendation, which concludes the case should be remanded to state court. Mr. Martin has objected. I have reviewed the issues de novo.

Mr. Martin allegedly failed to stop when driving a car out of a gas station onto a roadway. An officer conducted a traffic stop. While issuing a warning, the officer called for a canine to conduct an open-air search. Mr. Martin fled, first in his car, then on foot, was caught, and was found in possession of drugs and a firearm, which he was not allowed to possess because of a prior felony conviction. The case has a 2021 case number in state court, indicating it was filed that year. The record shows active litigation in state court—a deposition apparently taken in

June 2022 and a motion to disqualify the judge and ruling on the motion in June 2023.

On August 7, 2023, Mr. Martin filed a notice of removal to this court based on 28 U.S.C. § 1443. The statute allows removal to federal court of a state-court criminal prosecution against a person "who is denied or cannot enforce" in the state court a right under a federal civil-rights statute, § 1443(1), or "[f]or any act under color of authority derived from any" civil-rights statute, § 1443(2). Under 28 U.S.C. § 1455(b), a notice of removal must be filed within 30 days after arraignment in state court and must include all grounds for removal; any ground not included is waived. A federal court may grant relief from these requirements.

The paradigm of a removable prosecution is a state trespass charge against an African American for attempting to obtain service at a whites-only restaurant. *See Georgia v. Rachel*, 384 U.S. 780 (1966). Mr. Martin does not allege anything of that kind. It is a violation of federal law to prosecute a person of color for lawfully entering a whites-only restaurant, even if an unconstitutional state law allows racially segregated restaurants. It is not a violation of federal law to prosecute a person for failing to stop before entering a roadway, fleeing from a lawful stop, possessing drugs, or—leaving aside emerging Second Amendment issues—possessing a firearm as a prohibited person.

To be sure, Mr. Martin alleges race was a reason for the stop and intended search. If so, this was unconstitutional. He also alleges the prosecution is being conducted improperly—that the state has not turned over evidence essential to his defense. It is doubtful that allegations of this kind, without more, would justify removal. But the issue need not be addressed here because Mr. Martin missed the 30-day deadline for removal by well over a year. He asserts the 30-day period should run from the date when he learned jail officials were not providing him evidence he was entitled to, but that is not what the statute says. He has not denied that he was arraigned in state court well over 30 days prior to filing the notice of removal. As a matter of discretion, I decline to extend the 30-day period.

IT IS ORDERED:

This case is remanded to the Circuit Court, Second Judicial Circuit, Leon County, Florida. The clerk must take all steps necessary to effect the remand.

SO ORDERED on November 7, 2023.

s/Robert L. Hinkle
United States District Judge